UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

        Plaintiff,

v.                                            CASE NO.

MR. C HOSPITALITY, LLC,
MR. C COCONUT GROVE, LLC,
MR. C MANAGER, LLC and
MR. C MANAGER SEAPORT, LLC,

        Defendants.

_____/

## COMPLAINT

Plaintiff, David Poschmann, by and through his undersigned counsel, hereby sues the

Defendants, Mr. C Hospitality, LLC, Mr. C Coconut Grove, LLC, Mr. C Manager, LLC and Mr.

C Manager Seaport, LLC, for injunctive relief pursuant to the Americans With Disabilities Act,

42 U.S.C. §12181, et seq. (the "ADA") and in support thereof states as follows:

### JURISDICTION

1.      This court has subject-matter jurisdiction since this action arises pursuant to 28

U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon

Defendants' violations of Title III of the ADA.

### VENUE

2.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because, inter alia, the

events giving rise to the claims asserted herein occurred in this district and one of the hotels

whose reservation system is at issue herein is located in this district.

## PARTIES

3.      Plaintiff, David Poschmann, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012.  Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. Defendants' online hotel reservation systems fail to comply with the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendants are compelled to cure the substantive ADA violations contained on their hotels' online reservation systems. Plaintiff intends to visit the online reservation systems for Defendants' hotels in the near future to book a hotel room and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation systems for compliance with 28 C.F.R. §36.302(e).

4.      Defendants Mr. C Hospitality, LLC and Mr. C Coconut Grove, LLC are the owners and operators of Mr. C Coconut Grove, located at 2988 McFarlane Road in Miami, Florida ("Mr. C Coconut Grove"). The online reservation systems for Mr. C Coconut Grove are found at www.mrchotels.com and mrccoconutgrove.com.  Defendants Mr. C Hospitality, LLC and Mr. C Manager Seaport, LLC are the owners and operators of Mr. C Seaport, located at 33 Peck Slip in New York, New York ("Mr. C Seaport"). The online reservation systems for Mr. C Seaport are found at www.mrchotels.com and mrcseaport.com.  Defendants Mr. C Hospitality, LLC and Mr. C Manager, LLC are the owners and operators of Mr. C Beverly Hills, located at

2

1224 Beverwil Drive in Los Angeles, California ("Mr. C Beverly Hills"). The online reservation systems for Mr. C Beverly Hills are found at www.mrchotels.com and mrcbeverlyhills.com. Mr. C. Coconut Grove, Mr. C. Seaport and Mr. C Beverly Hills are collectively referred to as the "Hotels". The Hotels are identified by defendants as comprising the Mr. C Hotels group.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5.     On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

7.     On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;[1]

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

        8.     The Hotels are places of public accommodation that own and/or lease and operate places of lodging pursuant to the ADA. The websites for Defendants' respective Hotels contain online reservation systems whereby potential patrons may reserve a hotel room. The reservation systems are subject to the requirements of 28 C.F.R.§36.302(e).

        9.     Most recently, during August, 2019 Plaintiff, from his home in this district, attempted to specifically identify and book a guaranteed reservation for an accessible guest room at Mr. C Coconut Grove through Mr. C Hospitality, LLC's and Mr. C Coconut Grove, LLC's online reservation systems but was unable to do so due to their failure to comply with the requirements set forth in paragraph 7. After the foregoing occurred, Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible guest room at Mr. C Seaport on Mr. C Hospitality, LLC's and Mr. C Seaport Manager, LLC's online reservation systems but was unable to do so due to their failure to comply with the requirements set forth in

---

[1] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

paragraph 7. After the foregoing occurred, Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible guest room at Mr. C Beverly Hills on Mr. C Hospitality, LLC's and Mr. C Manager, LLC's online reservation systems but was unable to do so due to their failure to comply with the requirements set forth in paragraph 7.

10. Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including places of lodging and their reservation systems, are in compliance with the ADA.

11. Plaintiff intends to visit the online reservation systems on the Hotels' websites in the near future in order to test them for compliance with the requirements contained in 28 C.F.R. §36.302(e)(1).

## COUNT I – FOR INJUNCTION AGAINST
## MR. C HOSPITALITY, LLC AND MR C COCONUT GROVE, LLC

12. Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

13. Defendants Mr. C Hospitality, LLC and Mr. C Coconut Grove, LLC have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the website/reservation systems for Mr. C Coconut Grove due to the ADA violations contained thereon and will continue to discriminate against Plaintiff unless and until the hotel's online reservation systems are modified and Defendants Mr. C Hospitality, LLC and Mr. C Coconut Grove, LLC implement policies to do so, consistent with the ADA.

14.     The ADA violations for the online reservation systems for Mr. C Coconut Grove consist of the following:

a)     A failure of any policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

b)     A failure to identify and describe accessible features in the hotel and guest rooms offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel or specific guest rooms meets his or her accessibility needs;

c)     A failure to ensure that properly described accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

d)     A failure to reserve, upon request, properly described accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

e)     A failure to guarantee that the specific properly described accessible guest room reserved through the reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

15.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Mr. C Hospitality, LLC and Mr. C Coconut Grove, LLC are required to correct the ADA violations on the online reservation systems for Mr. C Coconut Grove and ensure that the online reservation systems and accompanying policies are maintained in a manner that is consistent with and compliant with the requirements of the ADA.

16.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Mr. C Hospitality, LLC and Mr. C Coconut Grove, LLC,  including litigation expenses and costs pursuant to 42 U.S.C. §12205.

17.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Mr. C Hospitality, LLC and Mr. C Coconut Grove, LLC to implement policies, consistent with the ADA, to accommodate the disabled, by requiring it to alter and maintain the online reservation systems for Mr. C Coconut Grove in accordance with the requirements set forth in paragraph 7 above.[2]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Mr. C Hospitality, LLC and Mr. C Coconut Grove, LLC from continuing their discriminatory practices, ordering them to implement policies, consistent with the ADA, to accommodate the disabled, through requiring them to alter and maintain the online reservation systems for Mr. C Coconut Grove in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II – FOR INJUNCTION AGAINST
## MR. C HOSPITALITY, LLC AND MR C MANAGER SEAPORT, LLC

18.     Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

19.     Defendants Mr. C Hospitality, LLC and Mr. C Manager Seaport, LLC have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Mr. C Hospitality, LLC and Mr. C Coconut Grove, LLC to develop, and strictly enforce, a policy requiring regular monitoring of their online reservation systems. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation systems must continuously be updated to properly reflect and describe Mr. C Hospitality, LLC's and Mr. C Coconut Grove, LLC's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).

website/reservation systems for Mr. C Seaport due to the ADA violations contained thereon and will continue to discriminate against Plaintiff unless and until the hotel's online reservation systems are modified and Defendants Mr. C Hospitality, LLC and Mr. C Manager Seaport, LLC implement policies to do so, consistent with the ADA.

20.     The ADA violations for the online reservation system for Mr. C Seaport consist of the following:

a)     A failure of any policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

b)     A failure to identify and describe accessible features in the hotel and guest rooms offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel or specific guest rooms meets his or her accessibility needs;

c)     A failure to ensure that properly described accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

d)     A failure to reserve, upon request, properly described accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

e)     A failure to guarantee that the specific properly described accessible guest room reserved through the reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

21.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Mr. C Hospitality, LLC and Mr. C Manager Seaport, LLC are required to correct the ADA violations on the online reservation systems for Mr. C Seaport and ensure that the online reservation systems and accompanying policies are maintained in a manner that is consistent with and compliant with the requirements of the ADA.

22.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Mr. C Hospitality, LLC and Mr. C Manager Seaport, LLC including litigation expenses and costs pursuant to 42 U.S.C. §12205.

23.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Mr. C Hospitality, LLC and Mr. C Manager Seaport, LLC to implement policies, consistent with the ADA, to accommodate the disabled, by requiring them to alter and maintain the online reservation systems for Mr. C Seaport in accordance with the requirements set forth in paragraph 7 above.[3]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Mr. C Hospitality, LLC and Mr. C Manager Seaport, LLC from continuing their discriminatory practices, ordering them to implement policies, consistent with the ADA, to accommodate the disabled, through requiring them to alter and maintain the online reservation systems for Mr. C Seaport in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

---

[3] The injunction, to be meaningful and fulfill its intended purpose, should require Mr. C Hospitality, LLC and Mr. C Manager Seaport, LLC to develop, and strictly enforce, a policy requiring regular monitoring of their online reservation systems. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation systems must continuously be updated to properly reflect and describe Mr. C Hospitality, LLC's and Mr. C Manager Seaport, LLC's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).

## COUNT III – FOR INJUNCTION AGAINST
## MR. C HOSPITALITY, LLC AND MR C MANAGER, LLC

24.     Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

25.     Defendants Mr. C Hospitality, LLC and Mr. C Manager, LLC have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the website/reservation systems for Mr. C Beverly Hills due to the ADA violations contained thereon and will continue to discriminate against Plaintiff unless and until the hotel's online reservation systems are modified and Defendants Mr. C Hospitality, LLC and Mr. C Manager, LLC implement policies to do so, consistent with the ADA.

26.     The ADA violations for the online reservation systems for Mr. C Beverly Hills consist of the following:

a)     A failure of any policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

b)     A failure to identify and describe accessible features in the hotel and guest rooms offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel or specific guest rooms meets his or her accessibility needs;

c)     A failure to ensure that properly described accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

d)     A failure to reserve, upon request, properly described accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

e)     A failure to guarantee that the specific properly described accessible guest room reserved through the reservations service is held for the reserving customer,

regardless of whether a specific room is held in response to reservations made by others.

27.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Mr. C Hospitality, LLC and Mr. C Manager, LLC are required to correct the ADA violations on the online reservation systems for Mr. C Beverly Hills and ensure that the online reservation systems and accompanying policies are maintained in a manner that is consistent with and compliant with the requirements of the ADA.

28.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Mr. C Hospitality, LLC and Mr. C Manager, LLC including litigation expenses and costs pursuant to 42 U.S.C. §12205.

29.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Mr. C Hospitality, LLC and Mr. C Manager, LLC to implement policies, consistent with the ADA, to accommodate the disabled, by requiring them to alter and maintain the online reservation systems for Mr. C Beverly Hills in accordance with the requirements set forth in paragraph 7 above.[4]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Mr. C Hospitality, LLC and Mr. C Manager, LLC from continuing their

---

[4] The injunction, to be meaningful and fulfill its intended purpose, should require Mr. C Hospitality, LLC and Mr. C Manager, LLC to develop, and strictly enforce, a policy requiring regular monitoring of their online reservation systems. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation systems must continuously be updated to properly reflect and describe Mr. C Hospitality, LLC's and Mr. C Manager, LLC's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).

discriminatory practices, ordering them to implement policies, consistent with the ADA, to accommodate the disabled, through requiring them to alter and maintain the online reservation systems for Mr. C Beverly Hills in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

<div style="margin-left:auto; width:50%;">

s/Drew M. Levitt
DREW M. LEVITT
Florida Bar No: 782246
DML2@bellsouth.net
LEE D. SARKIN
Florida Bar No. 962848
lsarkin@aol.com
4700 N.W. Boca Raton Boulevard, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837
Attorneys for Plaintiff

</div>